UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ELIZABETH ANDREADAKIS**, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | EP-20-CV-00104-DCG |
| **DENIS MCDONOUGH, SECRETARY FOR DEPARTMENT OF VETERANS AFFAIRS**, | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM ORDER

Pending before the Court is the parties' "Joint Motion for Entry of Agreed Privacy Act Protective Order" (ECF No. 23). Therein, the parties make two requests: one for issuance of an order authorizing Defendant Denis McDonough, Secretary of the Department of Veterans Affairs ("VA"), to disclose during discovery documents that may contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the other for entry of an Agreed Privacy Act Protective Order, which they attached to the motion.

The Privacy Act "broadly regulates the executive branch's handling of the private information of individuals when it is contained within a system of records," *Duggan v. Dep't of Air Force*, 617 F. App'x 321, 323 (5th Cir. 2015), and safeguards against "unwarranted . . . use and dissemination of [such] information," *Jacobs v. Nat'l Drug Intel. Ctr.*, 423 F.3d 512, 515 (5th Cir. 2005) (internal quotes and citation omitted). Subject to certain enumerated exceptions, the Act provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless [one of the enumerated exceptions applies].

5 U.S.C. § 552a(b). Thus, the Act prohibits a federal agency from disclosing personal information contained in its records about its employees, absent employee consent, unless a specified exception applies. *N.L.R.B. v. U.S. Postal Serv.*, 128 F.3d 280, 282 (5th Cir. 1997).[1]

One such exception is a disclosure made "pursuant to the order of a court of competent jurisdiction." § 552a(b)(11); *see also Robinett v. State Farm Mut. Auto. Ins.*, 83 F. App'x 638, 639 (5th Cir. 2003). "Neither the statute nor anything in its legislative history specifies the standards for issuance of such a court order." *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987). In any event, a party may invoke discovery of, and a federal agency may disclose during discovery, materials protected by the Act "according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the [Federal Rules of Civil Procedure]." *Id.* at 889; *see also* Fed. R. Civ. P. 26(b)(1) (A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"). Although Rule 26(b)(1)'s discovery standard permits access to relevant documents protected by the Act, "the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context." *Laxalt*, 809 F.2d at 889.

Here, the Secretary states that the parties anticipate that as discovery proceeds, there will be a need to exchange relevant documents which may contain information which implicates the privacy rights of current and/or former government employees of the United States and/or the VA, and may be protected from disclosure by the Privacy Act. Joint Mot. for Entry of Agreed Privacy Act Protective Order at ¶ 1, ECF No. 23. Such documents, he speculates, may include "medical records, personnel records, home addresses, and tax information." *Id.* "In order to

---

[1] If the agency discloses such information in violation of the Act, the individual employee is authorized to bring a civil action against the agency for actual damages. §§ 552a(g)(1)(D), (g)(4)(A); *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012); *Hernandez v. Johnson*, 514 F. App'x 492, 499 (5th Cir. 2013).

ensure that no violation of the Privacy Act occurs," the Secretary requests an order from this Court authorizing such disclosure. *Id.* at ¶ 2.

The motion thus asks the Court to preemptively issue such an order, without providing it the benefit of examining Rule 26(b)(1) relevancy of the specific documents or information that Plaintiff Elizabeth Andreadakis may seek during discovery. Such an order, if granted without any limitation, would seem to give the VA a *carte blanche* to produce or disclose *all* of the documents or information that Andreadakis may request and that may be protected by the Act, but without regard to whether or not they are relevant under Rule 26(b)(1) and in turn, disclosable under the Act.[2] On the other hand, if the parties were to call upon the Court to assess the relevancy of each and every documents that Andreadakis may request through discovery, such a task would seem to drain scarce judicial resources.

Therefore, the Court is of the opinion that the requested authorization order should be granted with the following limitation: pursuant the order, the Secretary may produce **only** those documents or information that the Secretary or his counsel on his behalf determines as relevant in light of case law on Rule 26(b)(1) relevancy. The Secretary's task of screening documents or information for relevancy thus mimics that of a private litigant's counsel in responding to discovery requests. Moreover, to the extent that, on rare occasions, the relevancy of certain discovery materials is not clear in light of the relevant case law, the parties may petition the Court to determine their relevancy and in turn, their disclosability under the Act.

Accordingly, **IT IS ORDERED** that the parties' "Joint Motion for Entry of Agreed Privacy Act Protective Order" (ECF No. 23) is **GRANTED IN PART and DENIED IN PART**.

---

[2] To illustrate, suppose that Andreadakis requests production of the "personnel file" of John Doe, Andreadakis's coworker at the VA; that the file is protected by the Privacy Act, and further that the file contains both relevant and irrelevant documents and information. Issuing an order authorizing, without limitation, the Secretary to disclose Privacy Act-protected information as requested would seem to permit the Secretary to produce the personnel file in its entirety.

-4-

**IT IS THEREFORE ORDERED** that during discovery and for purposes of this litigation, the VA, its Secretary, and his counsel are **HEREBY AUTHORIZED** to disclose and produce materials that are protected by the Privacy act—so long as the agency or individuals so authorized determine in good faith that such materials are relevant in light of case law on Rule 26(b)(1).

The Court will separately issue the parties' Agreed Privacy Act Protective Order, but with certain modifications to the paragraphs numbered as 5 and 6 therein.

**So ORDERED and SIGNED this   15th   day of June 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**